UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

FARD MOHAMMED,

           Plaintiff,

v.                                              Case No. 10-CV-551

WISCONSIN INSURANCE SECURITY FUND,
RACINE UNIFIED SCHOOL DISTRICT,
and GODFREY & KAHN,

           Defendants.

_____

## ORDER

On July 2, 2010, the *pro se* plaintiff, Fard Mohammed ("Mohammed"), filed a complaint against the defendants, Wisconsin Insurance Security Fund ("WISF"), Racine Unified School District ("Racine School District"), and Godfrey & Kahn ("G&K"), contending that: (1) the Racine School District discriminated against the plaintiff for his "religious beliefs" by "telling [him] to remove [his] religious headpiece and religious (Islamic) ring" when he was employed with them; and (2) the WISF was the school district's liability insurance company. (Compl. at 3). The plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Docket #2). The court addresses the plaintiff's motion.

Normally, a plaintiff must pay a statutory filing fee to bring suit in federal court, but the federal *in forma pauperis* statute allows indigent litigants a means by which they can access the federal courts without the burden of the initial filing fee. 28 U.S.C. § 1915. In order for a court to authorize a litigant to proceed *in forma*

*pauperis*, the court must first find that the litigant is truly indigent and unable to pay for the costs of commencing the action. 28 U.S.C. § 1915(a). Moreover, the court must also determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff's petition for leave to proceed *in forma pauperis* indicates that the plaintiff's expenses exceed his income. The court can conclude that Mohammed has met the poverty requirements of 28 U.S.C. § 1915.

However, the court is also under a duty to screen all complaints under the federal *in forma pauperis* statute to ensure the claim is not wholly without merit. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A legal claim is "malicious" if it is really "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003).

Here, the court, accepting as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.,* 425 U.S. 738, 740 (1976), finds the complaint, to be legally frivolous. The court notes that Mr. Mohammed already filed a complaint

in federal court relating to the same exact occurrence. In fact, the plaintiff's earlier case was brought in this court in 2002 and was provided with the case number of 02-CV-0769. Judge Clevert was assigned to that case on September 9, 2002. On February 19, 2004, Judge Clevert, upon finding that the Racine School District's insurer was insolvent and was undergoing liquidation proceedings in Pennsylvania, issued an order administratively closing the case "pending the lifting of an injunction imposed by the Commonwealth Court of Pennsylvania barring parties from doing anything in lawsuits that the Villanova Insurance Company may be bound to defend." (Docket #34).

The plaintiff then opted to litigate his claim before the WISF, who, contrary to the assertion in Mr. Mohammed's complaint, is not the Racine School District's insurer, but is rather a non-profit legal entity and administrative body created by the Wisconsin legislature to protect Wisconsin resident policyholders in the event of an insolvency of a member insurance company. Wis. Stat. § 646.11. The plaintiff pursued his discrimination claim before the WISF but was ultimately unsuccessful; the Wisconsin Court of Appeals, who the plaintiff appealed his case to, summarized the results of Mr. Mohammad's WISF proceeding, as follows:

> In the WISF proceeding, the parties litigated whether the District violated laws protecting Mohammed's civil rights by (1) refusing to accommodate Mohammed's religious beliefs and practices by directing him not to wear his head covering and ring; (2) suspending him in March 2000 in retaliation for asserting his religious rights; and (3) discriminatorily assigning him to front door monitoring. With regard to the first issue, WISF found that the District did not refuse to accommodate Mohammed's religious beliefs and practices because

-3-

> there was no evidence it ever enforced the hat and ring directive. As the decision noted, Mohammed testified that he never stopped wearing the items at work, and never received any discipline for continuing to wear them. Addressing the second issue, WISF found that the March 2000 suspension was imposed for three separate violations of employment rules and was not, as Mohammed claimed, in retaliation for asserting his religious rights. WISF also found relevant the fact that Mohammed had union representation during the disciplinary process, and did not file a grievance under the collective bargaining agreement for District employees after discipline was imposed. As for the front door assignment, WISF found no evidence that the District acted discriminatorily, instead expressly finding credible the testimony from the school principal at the time, Bryan Wright, that he assigned Mohammed to the front door because of Mohammed's experience and his abilities as a communicator.

*Mohammed v. Wis. Ins. Sec. Fund*, 321 Wis 2d 477, 774 N.W. 2d 476, 2009 WI App 141, ¶ 3 (Ct. App. 2009). The Wisconsin Court of Appeals affirmed the decision of the WISF. *Id.* at ¶ 8. The United States Supreme Court denied a writ of certiorari from the Court of Appeals of Wisconsin on April 19, 2010, rendering the litigation final. *Muhammed v. Wis. Ins. Sec. Fund*, 130 S. Ct. 2105; 176 L. Ed. 2d 734; 2010 U.S. LEXIS 3288; 78 U.S.L.W. 3610 (2010).

Under 28 U.S.C. § 1738, federal courts must give the judgments of state courts the same full faith and credit that those judgments would receive in the rendering state's courts. In Wisconsin, the doctrine of issue preclusion prevents a party from relitigating an identical issue of law or fact in a subsequent action as long as "the question of fact or law that is sought to be precluded [was] actually litigated in a previous action and [was] necessary to the judgment." *Mrozek v. Intra Fin. Corp.*, 281 Wis. 2d 448, 2005 WI 73, ¶17 (2005). Moreover, the fact that the state

court judgment in question in this case affirmed "an administrative decision does not exempt it from the normal rules of preclusion." *Staats v. County of Sawyer*, 220 F.3d 511, 514 (7th Cir. 2000); *see also Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis. 2d 381, 398, 497 N.W.2d 756, 763 (Ct. App. 1993) (holding that issue preclusion applies to Wisconsin administrative agency decisions in addition to Wisconsin court decisions). "State administrative findings that have been subjected to state judicial review are entitled to . . . issue preclusive effect in federal courts." *Staats,* 220 F.3d at 514. Under Wisconsin law, four elements must be satisfied before an agency's decision may be given preclusive effect: (1) the administrative proceeding must have been properly before the agency; (2) the administrative agency must have been acting in a judicial capacity; (3) the issues for which preclusion is sought must have been actually determined by the administrative agency; and (4) the parties must have had an adequate opportunity to litigate those issues before the administrative agency. *Hlavinka,* 174 Wis. 2d at 398-99. Here, upon examination of the Wisconsin Court of Appeals' decision in Mr. Mohammed's case, this court can conclude that the decision of the administrative agency would have a preclusive effect in Wisconsin, as the plaintiff, who was properly before the agency with an adequate opportunity to present his claim to the body, had the discrimination claim he is currently pursuing reviewed by and actually adjudicated by the WISF. There is nothing to indicate that Mr. Mohammed's suit is anything more than an attempt to relitigate issues already disposed of by the WISF and the Wisconsin state court

system.  Finding Mr. Mohammed's case legally frivolous, the court is obliged to dismiss the plaintiff's complaint.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED** with prejudice.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge
